Edmund J. Ferdinand, III (EF9885)
Jferdinand@24iplg.com
FERDINAND IP, LLC
125 Park Avenue, Suite 2508
New York, New York 10017
(212) 220-0523

Abigail Reardon (AR 4722)
AReardon@NixonPeabody.com
Daniel Gibbons (DG 2608)
DGibbons@NixonPeabody.com
NIXON PEABODY LLP
50 Jericho Quadrangle
Jericho, NY 11753
(516) 832-7500

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
PALM BAY INTERNATIONAL, INC. and              :   Civil Action No.: _____
PALM WINE HOLDINGS, LLC,                      :
                                              :
                          Plaintiffs,         :
                                              :   **COMPLAINT**
          -against-                           :
                                              :
THE WINEBOW GROUP, LLC; WINEBOW,              :
INC.; MARTIN SCOTT WINES, LTD.; and           :
CONSORZIO COOPERATIVE RIUNITE                 :
D'ABRUZZO,                                    :
                                              :
                          Defendants.         :
-------------------------------------------------------------X

Plaintiffs, Palm Bay International, Inc. ("Palm Bay") and Palm Wine Holdings, LLC ("Palm Wine") (collectively, "Plaintiffs"), as and for their Complaint against Defendants, The Winebow Group, LLC ("Winebow"), Winebow, Inc. ("WBI"), Martin Scott Wines, Ltd. ("MSW") and Consorzio Cooperative Riunite D'Abruzzo ("Citra") (collectively, "Defendants"), respectfully allege as follows:

1

INTRODUCTION

1. Plaintiffs bring this action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory relief that they are the exclusive owners of all right, title and interest in and to the trademarks SHEEP THRILLS and NIRO for use connection with wine products in the United States. The record will demonstrate that Plaintiffs are the proper owners of the SHEEP THRILLS and NIRO trademarks as they have controlled the nature and quality of the marks as applied to wine products in the United States at all times. An actual and justiciable controversy has arisen between the parties because Defendants contend that Defendant Citra owns the SHEEP THRILLS and NIRO trademarks and that Plaintiffs have no right to use them in connection with wine products in the United States.  As a result, Plaintiffs require the Court's intervention to resolve the issue of ownership of the SHEEP THRILLS and NIRO trademarks and to clear title to the marks.  Plaintiffs have no adequate remedy at law.

2. Plaintiffs further seek preliminary and permanent injunctive relief prohibiting Defendants, and all individuals and entities acting in concert with them, from importing, distributing, selling, offering for sale, advertising, marketing, promoting or displaying any product bearing any unauthorized reproduction, copy or colorable imitation of the SHEEP THRILLS and/or NIRO trademarks in the United States. Finally, Plaintiffs seek cancellation of U.S. Federal Trademark Registration No. 4,325,193 for the mark NIRO DI CITRA owned by Defendant Citra on the ground of abandonment.

PARTIES

3. Plaintiff, Palm Bay, is a Florida corporation with a New York office at 48 Harbor Park Drive, Port Washington, New York 11050. Palm Bay is licensed to do business in New York.

4. Plaintiff, Palm Wine, is a Delaware limited liability company with a New York office at 48 Harbor Park Drive, Port Washington, New York 10050. Palm Wine is authorized to do business in New York.

5. Upon information and belief, Defendant Winebow is a Delaware limited liability company with an office at 4800 Cox Road, Suite 300, Glen Allen, Virginia 23060. Upon information and belief, Defendant Winebow claims ownership of all trademarks used by Winebow and its related entities.

6. Upon information and belief, Defendant WBI is a Delaware corporation with an office at 20 Hook Mountain Road, Suite 103A, Pine Brook, New Jersey 07058. Upon information and belief, Defendant WBI owns or is related to Defendant Winebow and further owns Defendant MSW.

7. Upon information and belief, Defendants MSW is a Delaware corporation with an office at 31 West 27th Street, 7th Floor, New York, New York 10001. Upon information and belief, Defendants MSW and WBI filed a COLA application with the TTB for the NIRO brand on January 10, 2018. A copy of the COLA application is attached hereto at Tab 1.

8. Upon information and belief, Defendant Citra is an Italian corporation with an address at Contrada Cucullo, Ortona, Italy 66026. Upon information and belief, Defendant Citra has directed, controlled, ratified, participated in and/or been the moving force behind the infringing activities of Defendants Winebow, WBI and MSW with respect to the subject matter of this litigation.

JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this declaratory judgment action pursuant to 28 U.S.C. §§ 2201(a), 2202; 15 U.S.C. § 1121; and 28 U.S.C. §§ 1331, 1338.

The claims asserted arise under and require interpretation of the Federal Lanham Act, 15 U.S.C. § 1051 *et seq.*, as the claims asserted are to confirm ownership of, and clear title to, registered and non-registered trademarks owned by Plaintiffs which are currently subject to dispute by Defendants.

10. The Court has personal jurisdiction over the Defendants by virtue of the fact that, upon information and belief, Defendant MSW is a resident of the State of New York and all Defendants have transacted business within the State sufficient to confer the Court's proper exercise of jurisdiction over all Defendants in the State.

11. Venue in this Judicial District is proper under 28 U.S.C. §§ 1391.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

12. Plaintiff, Palm Bay, is the nation's leading importer of Italian wines, and it is also a prominent importer of wines, sparkling wines, distilled spirits and liqueurs from 16 total regions around the world.  Palm Bay is a third-generation, family owned company with strong customer relationships that have lasted for generations.

13. On July 18, 1991, Palm Bay and Defendant Citra entered into a "Contract for Exclusive Importation" ("Contract") that provided Palm Bay with exclusive rights to import CITRA brand wine and certain other of Citra's brands in exchange for Palm Bay achieving defined annual sales obligations. The parties enjoyed a long and mutually beneficial business relationship pursuant to the Contract until late last year when, on October 30, 2017, Citra wrongfully served Palm Bay with a purported Notice of Termination of the Contract, effective April 30, 2018.

14. The parties have an actual and justiciable controversy over ownership of the SHEEP THRILLS and NIRO trademarks and the right to use those trademarks in connection with wine products in the United States. Citra maintains that it owns the two trademarks at issue by

virtue of the Contract, but Citra's view is erroneous because the Contract confers no ownership rights to Citra of the SHEEP THRILLS or NIRO marks.

15. In fact, under U.S. trademark law, Plaintiffs are the owners of the SHEEP THRILLS and NIRO trademarks because Plaintiffs, not Citra, controlled the nature and quality of the marks as applied to wine products in the United States at all times. To that end, Palm Bay conceived of the SHEEP THRILLS and NIRO brand names, and Palm Bay financed and created the labels. In 2010, Palm Bay began filing COLA applications in its own name with the TTB seeking label approval for the NIRO brand for use in connection with wine products. Copies of the COLA applications are attached hereto at Tab 2. Palm Bay filed COLA applications with the TTB seeking label approval for the SHEEP THRILLS brand for use in connection with wine products beginning in 2015. Copies of the COLA applications are attached hereto at Tab 3.

16. Palm Bay also created and financed all marketing and promotional materials for the SHEEP THRILLS and NIRO brands. Palm Bay devoted resources towards marketing, advertising and promoting the SHEEP THRILLS and NIRO branded products in an effort to build brand awareness.

17. Plaintiff, Palm Wine, a related entity to Palm Bay, owns U.S. Federal Trademark Registration No. 5,088,092 for the SHEEP THRILLS mark for use in connection with "wines" in the United States, which issued on November 22, 2016. Palm Wine claims a date of first use of the SHEEP THRILLS mark in commerce of April 2, 2016. A copy of the Trademark Registration is attached hereto at Tab 4.

18. Based on the above described activities undertaken at its own expense, Palm Bay is the owner of all common-law trademark rights in and to the NIRO brand under governing U.S. trademark law.

19. Upon information and belief, Defendant Citra filed U.S. Trademark Application Serial No. 79/207,004 for the mark SHEEP THRILLS & Design for use in connection with wine products on September 20, 2016. Citra's Trademark Application has been rejected due to Palm Wine's prior-filed Trademark Registration for the same mark and goods.

20. Upon information and belief, at the urging of Defendant Citra, Defendants MSW and WBI filed a COLA application with the TTB for the NIRO brand on January 10, 2018, thereby expressing an intent to sell wine products in the U.S. under the NIRO brand in direct violation of Palm Bay's rights.

21. Defendant Citra owns U.S. Federal Trademark Registration No. 4,325,193 for the mark NIRO DI CITRA in connection with wine products. The Registration claims a date of first use in commerce of February 1, 2013. Upon information, belief and due investigation, there has been no use of the NIRO DI CITRA trademark in connection with wine products in the United States for more than three years. Accordingly, Citra has abandoned whatever rights existed in the NIRO DI CITRA mark pursuant to the Lanham Act and the Federal Trademark Registration should be cancelled.

22. By letter dated February 7, 2018, Plaintiffs, through counsel, demanded that Defendants Citra and Winebow cease and desist from any further efforts to import, offer to sell, sell, market, advertise or promote SHEEP THRILLS and/or NIRO brand wine products in the United States. A copy of the letter is attached hereto at Tab 5.

23. As of this date, Defendants Citra and Winebow have not responded to Plaintiffs' letter dated February 7, 2018.

24. As a result of Defendant Citra's wrongful claim of ownership of the SHEEP THRILLS and NIRO trademarks and Defendants MSW and WBI's efforts to work with Citra to

6

import and sell at least the NIRO brand, there is a cloud over Plaintiffs' ownership of these marks and Plaintiffs are not free to commercialize the marks in U.S. commerce in connection with wine products. As a result, an actual and justiciable controversy exists between the parties, and Plaintiffs require the Court's intervention to resolve the issue of ownership of the SHEEP THRILLS and NIRO trademarks and to clear title to the marks. Plaintiffs have no adequate remedy at law.

FIRST CLAIM FOR RELIEF

CLAIM UNDER DECLARATORY JUDGMENT ACT

25. Plaintiffs re-alleges and incorporates by reference herein paragraphs 1 through 24 above as is fully set forth herein.

26. An actual and justiciable controversy exists between Plaintiffs and Defendants with respect to Defendant Citra's claim to own the SHEEP THRILLS and NIRO trademarks for use in connection with wine products in the United States.

27. Plaintiffs are the owners of the SHEEP THRILLS and NIRO trademarks because Palm Bay controlled the nature and quality of the marks as applied to wine products in the United States at all times. Defendant Citra's ownership claim of the SHEEP THRILLS and NIRO marks based on the Contract is erroneous because the Contract confers no ownership rights to Citra of the SHEEP THRILLS or NIRO marks.

28. Accordingly, Plaintiffs are entitled to a declaratory judgment from this Court that: (i) Plaintiff Palm Wine is the exclusive owner of the SHEEP THRILLS trademark; and (ii) Plaintiff Palm Bay is the exclusive owner of the NIRO trademark under U.S. trademark law.

29. Plaintiffs assert that this is an exceptional case such that Defendants should be required to pay reasonable attorneys' fees and costs in accordance with 15 U.S.C. § 1117, and other just and proper relief.

SECOND CLAIM FOR RELIEF

DECLARATION OF INVALIDITY
OF U.S. FEDERAL TRADEMARK REGISTRATION NO. 4,325,193

30. Plaintiffs re-allege and incorporates by reference herein paragraphs 1 through 29 above as is fully set forth herein.

31. An actual controversy exists between Plaintiffs and Defendant Citra under the Lanham Act, 15 U.S.C. § 1051, *et seq*.

32. Defendant Citra owns U.S. Federal Trademark Registration No. 4,325,193 for the mark NIRO DI CITRA in connection with wine products. The Registration claims a date of first use in commerce of February 1, 2013.

33. Upon information, belief, and due investigation, there has been no use of the NIRO DI CITRA trademark in connection with wine products in the United States for more than three years. Accordingly, Citra has abandoned whatever rights existed in the NIRO DI CITRA mark pursuant to the Lanham Act.

34. Defendant Citra's continued ownership of the NIRO DI CITRA Trademark Registration casts a cloud over Palm Bay's right to use the NIRO trademark in U.S. commerce in connection with wine products.

35. Pursuant to 28 U.S.C. § 2201-2202, Plaintiffs are entitled to declaratory relief, specifically, a judicial declaration that U.S. Trademark Registrations No. 4,325,193 is invalid and should be cancelled.

36. Plaintiffs assert that this is an exceptional case such that Defendants should be required to pay Plaintiffs' reasonable attorneys' fees and costs in accordance with 15 U.S.C. § 1117 and other just and proper relief.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A. That the Court declare that Plaintiff Palm Wine is the exclusive owner of the SHEEP THRILLS trademark for use in connection with wine products in the United States;

B. That the Court declare that Plaintiff Palm Bay is the exclusive owner of the NIRO trademark for use in connection with wine products in the United States;

C. That the Court preliminarily and permanently enjoin and restrain Defendants, their officers, directors, principals, agents, servants, employees, successors, parent companies, related entities and assigns, and all individuals acting in concert or participation with them, from:

   i) imitating, copying or making unauthorized use of the SHEEP THRILLS and NIRO Trademarks;
   ii) importing, distributing, selling, offering for sale, advertising, marketing, promoting or displaying any product bearing the SHEEP THRILLS and/or NIRO trademarks, or any colorable imitation, or copy of the mark that is confusingly similar thereto;
   iii) using any unauthorized colorable imitation of the SHEEP THRILLS and/or NIRO trademarks in connection with the manufacture, importation, promotion, marketing, advertising, display, sale, offering for sale, production, or distribution of any product;
   iv) engaging in any other activity constituting unfair competition with Plaintiffs, or constituting an infringement of the SHEEP THRILLS and/or NIRO trademarks or of Plaintiffs' rights therein, or their right to exploit such trademarks; and,
   v) engaging in any other conduct that is likely to cause confusion or to cause mistake or to deceive as to the source, affiliation, connection, or association of the SHEEP THRILLS and/or NIRO wine products with Defendants.

D. That Defendants be required to pay Plaintiffs its reasonable attorney's fees and costs in connection with this action pursuant to 15 U.S.C. § 1117; and

E. That Plaintiffs have such other and further relief as the Court deems just and proper.

Dated: February 20, 2018

                                        Respectfully submitted,

                                        FERDINAND IP, LLC

By: */s/ Edmund J. Ferdinand, III*
                                        Edmund J. Ferdinand, III (EF 9885)
                                        Jferdinand@24iplg.com
                                        125 Park Avenue, Suite 2508
                                        New York, New York 10017
                                        (212) 220-0523

                                        Abigail Reardon (AR 4722)
                                        AReardon@NixonPeabody.com
                                        Daniel C. Gibbons (DG2608)
                                        DGibbons@NixonPeabody.com
                                        NIXON PEABODY LLP
                                        50 Jericho Quadrangle
                                        Jericho, NY 11753
                                        (516) 832-7500

                                        *Attorneys for the Plaintiffs*